**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | |
|---|---|
| SARA B. GLASS,<br><br>               Plaintiff,<br><br>vs.<br><br>ROCKWELL COLLINS, INC.; and<br>LOCKHEED MARTIN CORP.; and, RDF<br>BEAUFORT, INC.; and,<br>LEE TINCHER; and, BRIAN<br>GREALISH;<br><br>               Defendants. | C/A No.:  9:17-cv-02380-PMD-MGB<br><br><br>**DEFENDANT ROCKWELL<br>COLLINS, INC.'S ANSWER TO<br>SECOND AMENDED COMPLAINT** |

NOW COMES THE DEFENDANT, ROCKWELL COLLINS, INC. ("Rockwell Collins" or "Defendant"), by and through its undersigned counsel, and answers the Second Amended Complaint of Plaintiff Sara B. Glass ("Plaintiff") as follows:

Each and every allegation not hereinafter specifically admitted is denied and strict proof thereof demanded.

1.     Rockwell Collins admits so much of Paragraph 1 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff was employed by Rockwell Collins as a Customer Support Specialist at the Beaufort Pilot Fit Facility from October 13, 2014 until December 17, 2015. Rockwell Collins lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 1 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

2.     Rockwell Collins admits so much of Paragraph 2 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff began working for Rockwell

Collins in October of 2014 and that she remained so employed until her employment ended in December of 2015. Rockwell Collins denies the remaining allegations of Paragraph 2 and demands strict proof thereof.

3.     Rockwell Collins admits the allegations of Paragraph 3 of the Second Amended Complaint.

4.     Rockwell Collins admits the allegations of Paragraph 4 of the Second Amended Complaint.

5.     Rockwell Collins, upon information and belief, admits the allegations of Paragraph 5 of the Second Amended Complaint.

6.     Rockwell Collins, upon information and belief, admits the allegations of Paragraph 6 of the Second Amended Complaint.

7.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

8.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

9.     Rockwell Collins admits so much of Paragraph 9 as alleges, or may be construed to allege, that Rockwell Collins has more than 100 employees. Rockwell Collins lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

10.     Rockwell Collins denies so much of Paragraph 10 of the Second Amended Complaint as is directed toward Rockwell Collins and demands strict proof thereof. Rockwell Collins lacks sufficient knowledge or information to admit or deny the remaining allegations of

Paragraph 10 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

11.    Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 11 and, therefore, denies same and demands strict proof thereof.

12.    Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 12 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

13.    Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 13 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

14.    Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 14 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

15.    Paragraph 15 of the Second Amended Complaint calls for a legal conclusion to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins denies the allegations and demands strict proof thereof.

16.    Rockwell Collins admits so much of Paragraph 16 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff was hired by Rockwell Collins in October of 2014 to work at the Beaufort Pilot Fit Facility, where a team consisting of six individuals, two of whom were Rockwell Collins employees, fitted pilots with equipment for flying F-35 aircraft. Rockwell Collins denies the remaining allegations of Paragraph 16 and demands strict proof thereof.

17.     Rockwell Collins admits so much of Paragraph 17 of the Second Amended Complaint as alleges, or may be construed to allege, that the team of six persons at this facility consisted of two employees of Rockwell Collins, two individuals who worked for Lockheed Martin and two individuals who worked for Survitec Group or an affiliated company.  Rockwell Collins denies the remaining allegations of Paragraph 17 and demands strict proof thereof.

18.     Rockwell Collins admits so much of Paragraph 18 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff was the only female on the team of six employees. Rockwell Collins denies the remaining allegations of Paragraph 18 and demands strict proof thereof.

19.     Rockwell Collins admits so much of Paragraph 19 of the Second Amended Complaint as alleges, or may be construed to allege, that Defendant Lee Tincher was the site lead of the Beaufort Pilot Fit Facility. Rockwell Collins lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 19 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

20.     Rockwell Collins denies the allegations of Paragraph 20 of the Second Amended Complaint and demands strict proof thereof.

21.     Rockwell Collins denies the allegations of Paragraph 21 of the Second Amended Complaint and demands strict proof thereof.

22.     Rockwell Collins denies the allegations of Paragraph 22 of the Second Amended Complaint and demands strict proof thereof.

23.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 23 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof. Rockwell Collins further states that Plaintiff first complained to

4

Rockwell Collins about Defendant Brian Grealish's conduct between November 3 and November 5, 2015.

24.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 24 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

25.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 25 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

26.     Rockwell Collins denies the allegations of Paragraph 26 of the Second Amended Complaint and demands strict proof thereof.

27.     Rockwell Collins denies the allegations of Paragraph 27 of the Second Amended Complaint and demands strict proof thereof.

28.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 28 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

29.     Rockwell Collins denies the allegations of Paragraph 29 of the Second Amended Complaint and demands strict proof thereof.

30.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 30 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

31.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 31 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

32.     Rockwell Collins denies the allegations of Paragraph 32 of the Second Amended Complaint and demands strict proof thereof.

33.     Rockwell Collins denies the allegations of Paragraph 33 of the Second Amended Complaint and demands strict proof thereof.

34.     Rockwell Collins denies the allegations of Paragraph 34 of the Second Amended Complaint and demands strict proof thereof.

35.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 35 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

36.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 36 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

37.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 37 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

38.     Rockwell Collins denies the allegations of Paragraph 38 of the Second Amended Complaint and demands strict proof thereof.

39.     Rockwell Collins denies the allegations of Paragraph 39 of the Second Amended Complaint and demands strict proof thereof.

40.     Rockwell Collins denies the allegations of Paragraph 40 of the Second Amended Complaint and demands strict proof thereof.

41.     Rockwell Collins denies the allegations of Paragraph 41 of the Second Amended Complaint and demands strict proof thereof.

42.     Rockwell Collins denies the allegations of Paragraph 42 of the Second Amended Complaint and demands strict proof thereof.

43.     Rockwell Collins admits the allegations of Paragraph 43 of the Second Amended Complaint.

44.     Rockwell Collins admits so much of Paragraph 44 as alleges, or may be construed to allege, that Plaintiff first expressed to Daniel Kalsow concerns related to Defendant Brian Grealish's conduct and her safety during his visit in November 2015. Rockwell Collins denies the remaining allegations of Paragraph 44 of the Second Amended Complaint and demands strict proof thereof.

45.     Rockwell Collins denies the allegations of Paragraph 45 of the Second Amended Complaint and demands strict proof thereof.

46.     Rockwell Collins admits so much of Paragraph 46 as alleges, or may be construed to allege, that Mr. Kalsow responded the he would elevate her concerns and contact Human Resources to investigate Plaintiff's concerns. Rockwell Collins denies the remaining allegations of Paragraph 46 of the Second Amended Complaint and demands strict proof thereof.

47.     The allegations of Paragraph 47 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

48.     Rockwell Collins denies the allegations of Paragraph 48 of the Second Amended Complaint and demands strict proof thereof.

49.     Rockwell Collins admits so much of Paragraph 49 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff complained about Defendant

Brian Grealish's conduct, including alleged comments about bringing a gun to work and alleged conduct toward Plaintiff and that Rockwell Collins was informed that Brian Grealish was placed on administrative leave. Rockwell Collins denies the remaining allegations of Paragraph 49 of the Second Amended Complaint and demands strict proof thereof.

50.    Rockwell Collins admits so much of Paragraph 50 of the Second Amended Complaint as alleges, or may be construed to allege, that Mr. Kalsow sent a text message to Plaintiff informing her that Mr. Grealish was returning to work. Rockwell Collins denies the remaining allegations of Paragraph and demands strict proof thereof.

51.    Rockwell Collins denies the allegations of Paragraph 51 of the Second Amended Complaint and demands strict proof thereof.

52.    Rockwell Collins denies the allegations of Paragraph 52 of the Second Amended Complaint and demands strict proof thereof.

53.    Rockwell Collins denies the allegations of Paragraph 53 of the Second Amended Complaint and demands strict proof thereof.

54.    Rockwell Collins denies the allegations of Paragraph 54 of the Second Amended Complaint and demands strict proof there.

55.    Rockwell Collins admits so much of Paragraph 55 of the Second Amended Complaint as alleges, or may be construed to allege, that Mr. Kalsow requested that Plaintiff come to Rockwell Collins' headquarters in Cedar Rapids, Iowa for a meeting and that Plaintiff was flown to Rockwell Collins' headquarters in Cedar Rapids, Iowa, on or about December 7, 2015. Rockwell Collins denies the remaining allegations of Paragraph 55 of the Second Amended Complaint and demands strict proof there.

56.    Rockwell Collins admits the allegations of Paragraph 56 of the Second Amended Complaint.

57.    Rockwell Collins denies the allegations of Paragraph 57 of the Second Amended Complaint and demands strict proof thereof.

58.    Rockwell Collins denies the allegations of Paragraph 58 of the Second Amended Complaint and demands strict proof thereof.

59.    Rockwell Collins denies the allegations of Paragraph 59 of the Second Amended Complaint and demands strict proof thereof.

60.    Defendant admits so much of Paragraph 60 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff did not sign the Performance Recovery Plan. Rockwell Collins denies the remaining allegations of Paragraph 60 of the Second Amended Complaint and demands strict proof thereof.

61.    Rockwell Collins denies the allegations of Paragraph 61 of the Second Amended Complaint and demands strict proof thereof.

62.    Rockwell Collins admits so much of Paragraph 62 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff was told she was required to arrive at work at 7:30 a.m. Rockwell Collins denies the remaining allegations of Paragraph 62 of the Second Amended Complaint and demands strict proof thereof.

63.    Rockwell Collins admits so much of Paragraph 63 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff was initially allowed to arrive to work later than the 7:30 a.m. start time, however, it was understood, and Plaintiff was informed, that this arrangement was temporary and that Plaintiff would be required to be report to work at 7:30 a.m., as the hours of operation were 7:30 a.m. – 4:30 p.m. Rockwell Collins denies the

remaining allegations of Paragraph 63 of the Second Amended Complaint and demands strict proof thereof.

64.    Rockwell Collins denies the allegations of Paragraph 64 of the Second Amended Complaint and demands strict proof thereof.

65.    Rockwell Collins denies the allegations of Paragraph 65 of the Second Amended Complaint and demands strict proof thereof

66.    Rockwell Collins admits so much of Paragraph 66 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff expressed to Mr. Kalsow that she was proud of her work at the facility and that she could not meet the work hour requirements. Rockwell Collins denies the allegations of Paragraph 66 of the Second Amended Complaint and demands strict proof thereof.

67.    Rockwell Collins denies the allegations of Paragraph 67 of the Second Amended Complaint and demands strict proof thereof.

68.    Rockwell Collins admits so much of Paragraph 68 of the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff requested and took vacation days the remainder of the week following her meeting at Rockwell Collins' headquarters in December of 2015. Rockwell Collins denies the remaining allegations of Paragraph 68 of the Second Amended Complaint and demands strict proof thereof.

69.    Rockwell Collins denies the allegations of Paragraph 69 of the Second Amended Complaint and demands strict proof thereof.

70.    Rockwell Collins admits so much of Paragraph 70 as alleges, or may be construed to allege that Plaintiff's employment terminated on December 17, 2015. Rockwell Collins denies

the remaining allegations of Paragraph 70 of the Second Amended Complaint and demands strict proof thereof.

71.     Rockwell Collins denies the allegations of Paragraph 71 of the Second Amended Complaint and demands strict proof thereof.

72.     Rockwell Collins denies the allegations of Paragraph 72 of the Second Amended Complaint and demands strict proof thereof.

73.     Rockwell Collins denies the allegations of Paragraph 73 of the Second Amended Complaint and demands strict proof thereof.

74.     Rockwell Collins denies the allegations of Paragraph 74 of the Second Amended Complaint and demands strict proof thereof.

75.     Rockwell Collins denies the allegations of Paragraph 75 of the Second Amended Complaint and demands strict proof thereof.

76.     Rockwell Collins denies the allegations of Paragraph 76 of the Second Amended Complaint and demands strict proof thereof.

77.     Rockwell Collins admits so much of Paragraph 77 as alleges, or may be construed to allege, that she signed a Charge of Discrimination on October 24, 2016. Rockwell Collins lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 77 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

78.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 78 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

79.     Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 79 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

80.     Rockwell Collins admits the allegations of Paragraph 80 of the Second Amended Complaint.

81.     Paragraph 81 of the Second Amended Complaint calls for a legal conclusion to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins denies the allegations and demands strict proof thereof.

82.     Rockwell Collins admits the allegations of Paragraph 82 of the Second Amended Complaint except to the extent Plaintiff has not timely exhausted her administrative remedies, in which case, Rockwell Collins denies the allegations of Paragraph 82 as to Plaintiff's claim for violation of Title VII of the Civil Rights Act of 1964.

83.     The allegations of Paragraph 83 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond.

84.     Answering Paragraph 84 of the Second Amended Complaint, Rockwell Collins admits so much thereof as alleges, or may be construed to allege, that Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et. seq., and South Carolina state law. Rockwell Collins denies so much of Paragraph 84 as alleges, or may be construed to allege, that Rockwell Collins has any liability under Title VII or South Carolina law.

85.     Paragraph 85 of the Second Amended Complaint does not contain allegations to which Rockwell Collins is required to respond. To the extent a response is required, Rockwell Collins denies the allegations and demands strict proof thereof.

**ANSWERING THE FIRST CAUSE OF ACTION**
**(Title VII – Unlawful harassment, discrimination, hostile environment, retaliation)**
**(Defendant Rockwell)**

86.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

87.    Rockwell Collins admits the allegations of Paragraph 86 of the Second Amended Complaint.

88.    Answering Paragraph 87 of the Second Amended Complaint, Rockwell Collins admits so much thereof as alleges, or may be construed to allege, that Plaintiff was employed by Rockwell Collins from October 13, 2014 until December 17, 2015. Rockwell Collins denies any allegations inconsistent therewith and demands strict proof thereof.

89.    The allegations of Paragraph 88 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

90.    The allegations of Paragraph 89 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

91.    The allegations of Paragraph 90 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

92.    The allegations of Paragraph 91 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

93.    The allegations of Paragraph 92 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

94.    The allegations of Paragraph 93 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

95.    Rockwell Collins lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 94 of the Second Amended Complaint and, therefore, denies same and demands strict proof thereof.

96.    The allegations of Paragraph 95 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

97.    Rockwell Collins denies the allegations of Paragraph 96 of the Second Amended Complaint and demands strict proof thereof.

98.    Rockwell Collins denies the allegations of Paragraph 97 of the Second Amended Complaint and demands strict proof thereof.

99.    Rockwell Collins denies the allegations of Paragraph 98 of the Second Amended Complaint and demands strict proof thereof.

100.    Rockwell Collins denies the allegations of Paragraph 99 of the Second Amended Complaint and demands strict proof thereof.

101.    The allegations of Paragraph 100 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

102.    Rockwell Collins denies the allegations of Paragraph 101 of the Second Amended Complaint and demands strict proof thereof.

103.    Rockwell Collins denies the allegations of Paragraph 102 of the Second Amended Complaint and demands strict proof thereof.

104.    Rockwell Collins denies the allegations of Paragraph 103 of the Second Amended Complaint and demands strict proof thereof.

105.    The allegations of Paragraph 104 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

106.    Rockwell Collins admits so much of Paragraph 105 the Second Amended Complaint as alleges, or may be construed to allege, that Plaintiff raised concerns regarding Brian Grealish's conduct and her safety but denies the remainder of the allegation as to the complaints she raised. As to the remaining allegations of Paragraph 105 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a

response is required, Rockwell Collins craves reference to the language of Title VII of the Civil Rights Act and applicable law, which language speaks for itself.

107.    Rockwell Collins denies the allegations of Paragraph 106 of the Second Amended Complaint and demands strict proof thereof.

108.    Rockwell Collins denies the allegations of Paragraph 107 of the Second Amended Complaint and demands strict proof thereof.

109.    Rockwell Collins denies the allegations of Paragraph 108 of the Second Amended Complaint and demands strict proof thereof.

<u>**ANSWERING THE SECOND CAUSE OF ACTION**</u>
**(Wrongful Discharge)**
**(Defendant Rockwell)**

110.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

111.    The allegations of Paragraph 109 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the law of the state of South Carolina, which law speaks for itself.

112.    The allegations of Paragraph 110 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is required, Rockwell Collins craves reference to the law of the state of South Carolina, which law speaks for itself.

113.    The allegations of Paragraph 111 of the Second Amended Complaint contain legal conclusions to which Rockwell Collins is not required to respond. To the extent a response is

required, Rockwell Collins craves reference to the law of the state of South Carolina, which law speaks for itself.

114.    Rockwell Collins denies the allegations of Paragraph 112 of the Second Amended Complaint and demands strict proof thereof.

115.    Rockwell Collins denies the allegations of Paragraph 113 of the Second Amended Complaint and demands strict proof thereof.

116.    Rockwell Collins denies the allegations of Paragraph 114 of the Second Amended Complaint and demands strict proof thereof.

117.    Rockwell Collins denies the allegations of Paragraph 115 of the Second Amended Complaint and demands strict proof thereof.

### ANSWERING THE THIRD CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress)
#### (All Defendants)

118.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

119.    The allegations contained in Paragraphs 116-119 are directed toward defendants other than Rockwell Collins and, therefore, Rockwell Collins is not required to respond to such allegations.

### ANSWERING THE FOURTH CAUSE OF ACTION
#### (Civil Conspiracy)
#### (All Defendants)

120.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

121.    Rockwell Collins denies the allegations of Paragraph 120 of the Second Amended Complaint and demands strict proof thereof.

17

122.    Rockwell Collins denies the allegations of Paragraph 121 of the Second Amended Complaint and demands strict proof thereof.

123.    Rockwell Collins denies the allegations of Paragraph 122 of the Second Amended Complaint and demands strict proof thereof.

124.    Rockwell Collins denies the allegations of Paragraph 123 of the Second Amended Complaint and demands strict proof thereof.

125.    Rockwell Collins denies the allegations of Paragraph 124 of the Second Amended Complaint and demands strict proof thereof.

126.    Rockwell Collins denies the allegations of Paragraph 125 of the Second Amended Complaint and demands strict proof thereof.

## ANSWERING THE FIFTH CAUSE OF ACTION
### (Assault)
### (Defendants Grealish and RFD Beaufort, Inc.)

127.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

128.    The allegations contained in Paragraphs 126-129 are directed toward defendants other than Rockwell Collins and, therefore, Rockwell Collins is not required to respond to such allegations.

## ANSWERING THE SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation))
### (Defendants Tincher, Rockwell, Lockheed)

129.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

130.    The allegations contained in Paragraphs 130-140 are directed toward defendants other than Rockwell Collins and, therefore, Rockwell Collins is not required to respond to such allegations.

## FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A SECOND DEFENSE THERETO
(Rule 12(b)(6))

131.    Rockwell Collins repeats and reiterates each and every paragraph above as if set forth verbatim herein.

132.    Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute any claim against Rockwell Collins upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A THIRD DEFENSE THERETO
(Estoppel)

133.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

134.    Plaintiff's claims against Rockwell Collins are barred by the doctrine of estoppel.

## FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A FOURTH DEFENSE THERETO
(Waiver)

135.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

136.    Plaintiff's claims against Rockwell Collins are barred by the doctrine of waiver.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A**
**FIFTH DEFENSE THERETO**
(Failure to Mitigate)

137.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

138.    Plaintiff's damages are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages.

139.    Likewise, without admitting any wrongful conduct, Rockwell Collins asserts that Plaintiff's damages, if any, should be offset by any subsequent earnings obtained by Plaintiff.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A**
**SIXTH DEFENSE THERETO**
(Unclean Hands)

140.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

141.    Plaintiff's claims against Rockwell Collins are barred by the doctrine of unclean hands.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A**
**SEVENTH DEFENSE THERETO**
(Good Faith, Non-discriminatory Reasons for Actions)

142.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

143.    Plaintiff's claims against Rockwell Collins are barred, in whole or in part, because Rockwell Collins at all times acted in good faith and in a lawful manner towards Plaintiff, with legitimate non-discriminatory reasons for all actions taken with regard to Plaintiff.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS AN
EIGHTH DEFENSE THERETO**
(Failure to Exhaust Administrative Remedies)

144.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

145.    To the extent that the allegations in Plaintiff's Second Amended Complaint exceed the scope of the administrative charge she filed, those allegations and claims are barred.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A
NINTH DEFENSE THERETO**
(Statute of Limitations)

146.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

147.    Plaintiff's claim for violation of Title VII of the Civil Rights Act of 1964 is barred by the applicable statute of limitations to the extent that Plaintiff failed to timely file a charge of discrimination regarding the alleged actions in the Second Amended Complaint or failed to timely file this action within the requisite time period that is required under the Notice of Right to Sue she received.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS
A TENTH DEFENSE THERETO**
(Laches)

148.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

149.    Plaintiff's claims against Rockwell Collins are barred by the doctrine of laches.

### FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS AN ELEVENTH DEFENSE THERETO
(Rockwell Collins's Policy)

150.     Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

151.     Rockwell Collins maintained, disseminated and enforced a clear policy prohibiting discrimination, harassment and retaliation and establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, harassing or retaliatory. Rockwell Collins acted in accordance with its policy at all times.

152.     To the extent Plaintiff did not report conduct which Plaintiff perceived to be discriminatory, harassing or retaliatory, Plaintiff violated Rockwell Collins's policy, failed to take advantage of the relief afforded by such policy, and cannot now recover on claims related to such conduct.

### FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A TWELTH DEFENSE THERETO
(Equitable Relief)

153.     Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

154.     Plaintiff's allegations and demands for equitable relief are questions for the Court, not the jury.

### FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A THIRTEENTH DEFENSE THERETO
(Punitive Damages Unrecoverable)

155.     Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

156.    Plaintiff's claims for punitive and/or exemplary damages are barred because at no time did Rockwell Collins act with malice or ill will or reckless or wanton indifference to Plaintiff's rights.

157.    Further, any award of punitive damages would violate the constitutional safeguards provided under the Constitution of the United States of America and the Constitution of South Carolina in that punitive damages violate the due process and equal protection guarantees. Any award of punitive damages in this litigation is arbitrary, unreasonable, excessive and in violation of Rockwell Collins' right to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and the Constitution of South Carolina.

## FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A FOURTEENTH DEFENSE THERETO
(Existing Remedy)

158.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

159.    Plaintiff's claim for wrongful termination is barred because Plaintiff has an existing remedy, namely the violation of federal law that she alleges.

## FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A FIFTEENTH DEFENSE THERETO
(No Violation of Public Policy)

160.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

161.    Plaintiff's claims are barred, in whole or in part, because Rockwell Collins at all times acted in good faith and in a lawful manner towards Plaintiff, and at no time acted in violation of any law, regulation or public policy of the state of South Carolina and at no time required Plaintiff to violate any law, regulation or public policy of the state of South Carolina.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A
SIXTEENTH DEFENSE THERETO**
(Other Causes)

162.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

163.    Any damage or injury Plaintiff alleges she may have suffered was caused, in whole or in part, by persons or factors unrelated to Rockwell Collins.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A
SEVENTEENTH DEFENSE THERETO**
(No Special Damages)

164.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

165.    Plaintiff's claim for civil conspiracy is barred in whole or in part because she suffered no special damages.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A
EIGHTEENTH DEFENSE THERETO**
(No Liability for Alleged Conduct by Third Party)

166.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

167.    The conduct of which Plaintiff complains is alleged conduct of an employee of a third party and not an employee of Rockwell Collins. Rockwell Collins did not authorize, control or have authority over such employee or the alleged conduct.

168.    Further, Rockwell Collins took all necessary, reasonable and appropriate action, as was within its control, as soon as it learned of Plaintiff's complaint of conduct by an employee of a third party.

**FURTHER ANSWERING THE SECOND AMENDED COMPLAINT AND AS A
NINETEENTH DEFENSE THERETO**
(Reservation of Right to Make Other Assertions)

169.    Rockwell Collins repeats and reiterates the above paragraphs as if set forth verbatim herein.

24

170.    Rockwell Collins reserves the right to assert, via amended pleadings, any and all additional and/or further defenses as may be revealed by additional information and/or documentation produced and/or acquired through discovery or otherwise herein.

WHEREFORE, having fully answered the Second Amended Complaint, Rockwell Collins prays that all claims against Rockwell Collins be dismissed, that this Court award Rockwell Collins its costs and attorneys' fees incurred in defending the claims contained in the Second Amended Complaint and that this Court grant such other and further relief as it deems just and proper.

s/Cherie W. Blackburn

Cherie W. Blackburn      (Federal ID No. 1575)
Melissa A. Fried         (Federal ID No. 11194)
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, South Carolina  29402
Phone:  843.577.9440
Facsimile:  843.414.8209
E-mail: cblackburn@nexsenpruet.com
E-mail:  mfried@nexsenpruet.com

ATTORNEYS FOR DEFENDANT
ROCKWELL COLLINS, INC.

July 13, 2018
Charleston, South Carolina