United States District Court
For the District of South Carolina
Beaufort Division

SARA B. GLASS,

*Plaintiff,*

v.

ROCKWELL COLLINS, INC.; and
LOCKHEED MARTIN CORP.; and,
RFD BEAUFORT, INC.; and, LEE
TINCHER; and, BRIAN GREALISH;

*Defendants.*

Civil Action No. 9:17-cv-02380-PMD-MGB

PLAINTIFF'S RESPONSE TO DEFENDANTS LOCKHEED MARTION CORP. AND LEE TINCHER'S SECOND MOTION TO DISMISS
(Docket No. 59)

Now comes the Plaintiff, Sara B. Glass, and files her response to the Second Motion to Dismiss filed by Defendants Lockheed Martin Corp. and Lee Tincher (Dkt. No. 59) dated July 24, 2018.  Plaintiff respectfully submits the current Rule 12(b)(6) Motion to Dismiss filed by these Defendants is without merit, and therefor, must be denied.

### Standards of Review

The standards applicable to this Court's review of a Rule 12(b)(6) Motion to Dismiss are correctly set forth in the Report and Recommendation dated April 12, 2018 (Dkt. No. 32), and for the sake of brevity, Plaintiff will refrain from reiterating same.

### Facts Alleged Against Defendants Lockheed and Tincher as to

### Plaintiff's Claims for Civil Conspiracy and Negligent Misrepresentation

Plaintiff submits she has sufficiently pled the required elements and

sufficient allegations against these Defendants, Lockheed and Tincher, to give rise to plausible claims for relief for civil conspiracy and negligent misrepresentation, and her allegations in the Second Amended Complaint (Dkt. No. 52) certainly provide enough to raise a right to relief above a speculative level.  Specifically, Plaintiff's allegations in Paragraphs 120 through 125 (and by incorporation the general factual allegations in Pargraphs 1 through 85) sufficiently set forth the elements of a civil conspiracy claim, including most notably special damages separate and apart from those alleged in other causes of action as set forth in Paragraph 124.  Further, Plaintiff's Second Amended Complaint (Dkt. No. 52) provides sufficient allegations to establish a claim for negligent misrepsentation against these Defendant.  Notably, the word "false" is alleged repeatedly with respect to the representations made by these Defendants to Plaintiff in relation to past events and pre-existing facts, including in Paragraphs 135 and 137.

In sum, Plaintiff submits that all elements of these causes of action against Lockheed and Tincher are sufficiently pled, and there are ample factual allegations within Plaintiff's Second Amended Complaint to support these claims for relief.  Plaintiff further craves reference to the Report and Recommendation issued in this matter dated April 12, 2018 (Dkt. No. 32), and Plaintiff submits the Court's invitation to amend Plaintiff's pleading in this matter was duly noted by the previous dismissal without prejudice, and the previous pleading defects have been sufficiently cured by Plaintiff's Second Amended Complaint.

## Conclusion

For the reasons set forth herein, and under the applicable law relating to Rule 12(b)(6) motions to dismiss, Plaintiff requests that this Court deny the Second Motion to Dismiss filed by Defendants Lockheed and Tincher in this action, and for any further relief this Court deems appropriate.

Repectfully submitted,

/S/ Patrick W. Carr_____
Patrick W. Carr, Esquire
SC Bar No. 15585; Fed. I.D. No. 07190
BERRY & CARR, P.C.
Attorneys at Law
2 Spanish Wells Road
Hilton Head Island, SC 29926
Phone: (843) 686-5432
August 7, 2018.                          Facsimile: (843) 785-6173
E-mail: patrick@hiltonheadlawyers.com
Hilton Head Island, South Carolina    *Attorneys for Plaintiff*

-3-