IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SARA B. GLASS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROCKWELL COLLINS, INC.; and<br>LOCKHEED MARTIN CORP.; and, RFD<br>BEAUFORT, INC.; and,<br>LEE TINCHER; and, BRIAN<br>GREALISH;<br><br>　　　　Defendants. | Case No. 9:17-cv-02380-DCN-MGB<br><br>**DEFENDANT ROCKWELL COLLINS,<br>INC.'S MOTION TO COMPEL<br>PLAINTIFF'S DISCOVERY<br>RESPONSES** |

　　　　Defendant Rockwell Collins, Inc. ("Rockwell Collins" or "Defendant"), by and through its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 37(a), for an Order compelling Sara B. Glass ("Plaintiff") to respond fully and completely to Rockwell Collins' First Set of Interrogatories and Requests for Production.

　　　　1.　　On July 16, 2018, Rockwell Collins served Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Set of Requests for Production to Plaintiff (collectively "Defendant's Discovery Requests"). These requests are attached as **Exhibits A and B**, respectively.

　　　　2.　　Plaintiff's responses to Defendant's Discovery Requests were due on August 20, 2018.

　　　　3.　　Plaintiff failed to serve her responses to Defendant's Discovery Requests by the deadline.

　　　　4.　　On August 27, 2018, Denise Leclerc, paralegal for counsel representing Rockwell Collins, sent an e-mail to Annette Stokes, paralegal for counsel representing Plaintiff, indicating

that Plaintiff's responses to Defendant's Discovery Requests were overdue and asking when Defendant will receive Plaintiff's responses. Ms. Stokes responded that she was working on Plaintiff's responses and that they should be finalized the following day. Ms. Leclerc responded, "… It would be great if we could receive them by the end of the week," to which Ms. Stokes responded "Understood," indicating that Plaintiff's Responses would be served by Friday, August 31, 2018  (August 27, 2018 email correspondence attached as **Exhibit C**).

5.     Based on Ms. Stokes' prior email, Ms. Leclerc followed up with Ms. Stokes by email on August 31, 2018, and asked for a copy of Plaintiff's discovery responses.  (August 31, 2018 email correspondence attached as **Exhibit D**). Neither Ms. Stokes nor counsel for Plaintiff responded to Ms. Leclerc's email or otherwise served Plaintiff's responses to Defendant's Discovery Requests by August 31, 2018.

6.     On September 3, 2018, Ms. Leclerc again reached out to Ms. Stokes by email and asked that Plaintiff's overdue responses to Defendant's Discovery Requests be served by the following Tuesday, September 11, 2018.  Neither Ms. Stokes nor counsel for Plaintiff responded to Ms. Leclerc's email. (September 3, 2018 email correspondence attached as **Exhibit E**).

7.     On September 5, 2018, Ms. Leclerc emailed both Ms. Stokes and Patrick Carr, counsel for the Plaintiff, and asked for the status of Plaintiff's responses to Defendant's Discovery Requests because Rockwell Collins' counsel had not heard from Mr. Carr's office since August 27, 2018.  (September 5, 2018 email correspondence attached as **Exhibit F**).

8.     On September 6, 2018, Mr. Carr emailed counsel for all Defendants in this action, stating, "I also know that Plaintiff owes written discovery responses to Defendant Rockwell.  I have looked at those responses in draft form with my paralegal.  I would like to say they will go out today, but that is probably unrealistic because I have a hearing in Jasper this afternoon.  It is

looking more like tomorrow or Monday for those." Mr. Carr also suggested that all parties agree that "extensions for written discovery responses are asked for and granted by all with those responses now due September 17. Part of the reason or selecting that date is I am leaving for vacation September 18-30." (September 6, 2018 Email from Patrick Carr to Counsel attached as **Exhibit G**).

9. Cherie Blackburn, counsel for Rockwell Collins, responded to Mr. Carr's email on September 6, 2018, and stated that Rockwell Collins would be serving its responses to Plaintiff's Discovery Requests by the end of the day (these were not overdue), but that Rockwell Collins would not agree to an extension until September 17 as Plaintiff's responses were due on August 20 and Rockwell Collins has followed up multiple times regarding the overdue responses. Ms. Blackburn informed Mr. Carr that Plaintiff's objections to Defendant's Discovery Requests were waived and agreed to an extension until September 13 for Plaintiff to provide responses only to Defendant's Discovery Requests.  (September 6, 2018 Email from Cherie Blackburn to Patrick Carr attached as **Exhibit H**).

10. Rockwell Collins timely served its Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents on September 6, 2018.

11. Mr. Carr responded by email on September 7, 2018 that he would serve all discovery responses the following week before he left for vacation. (September 7, 2018 Email from Patrick Carr attached as **Exhibit I**).

12. To date, Rockwell Collins still has not received Plaintiff's responses to Defendant's Discovery Requests.

13. The aforementioned correspondence and failure by Plaintiff to serve her responses necessitates this Motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

Accordingly, Rockwell Collins is now seeking the Court's assistance in compelling Plaintiff's responses to Defendant's Discovery Requests.

14.  Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff was required to answer each Interrogatory and respond to each Request for Production served, separately and fully in writing, and to serve a copy of such answers and responses upon Rockwell Collins.  Plaintiff has failed, however, to answer or respond.  By failing to respond in a timely manner or otherwise, Plaintiff has waived any objections to the discovery propounded.  *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2) and 37; *see also Chapman v. HHCSC, LLC*, No. 2:14-cv-00051-RMG, 2014 WL 12615704, at *1 (D.S.C. Sep. 4, 2014) ("If a party fails to respond to requests for production within the applicable thirty-day time limit as specified under Fed. R. Civ. P. 34, he waives any objections he may have to the production of documents.").  Under these circumstances, Rockwell Collins respectfully requests an Order compelling Plaintiff to respond fully to its written discovery requests and confirming that Plaintiff waived any objections.

15.  Further, Fed. R. Civ. P. 37(a)(5)(A) provides that if the motion to compel is granted, the court must require the noncomplying party, or attorney, or both to pay the movant's reasonable expenses incurred in filing the motion to compel, including attorney's fees, unless the opposing party's objection or nondisclosure was substantially justified.  Plaintiff's nondisclosure was not justified.  Plaintiff has failed to timely respond to discovery, has failed to provide responses as promised, despite extensions from Rockwell Collins, and has failed to provide any date by which Plaintiff will serve discovery responses.  Accordingly Rockwell Collins also requests that this Court award the fees and costs incurred by Rockwell Collins as a result of Plaintiff's failure to abide by the rules.

16. The undersigned certifies that counsel has complied with Local Civil Rule 7.02 (D.S.C.) by consulting with Plaintiff's counsel before filing this Motion. The undersigned further certifies that, pursuant to Local Civil Rule 7.04 (D.S.C.), the matter is fully explained herein and a memorandum would serve no useful purpose.

s/Cherie W. Blackburn
Cherie W. Blackburn           Fed ID No. 1575
Melissa F. Spence             Fed ID No. 11194
Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
Phone:  843.577.9440
Facsimile:  843.720.1777
E-mail: cblackburn@nexsenpruet.com
E-mail: mspence@nexsenpruet.com

Attorneys for Defendant Rockwell Collins, Inc.

September 25, 2018
Charleston, South Carolina